UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| JAMES ARTHUR EVANS, )<br>)<br>   Plaintiff, )<br>)<br>v. )<br>)<br>BLEDSOE COUNTY GOVERNMENT, )<br>)<br>CITY OF PIKEVILLE, )<br>)<br>PTL OFFICER RICKY HODGE, )<br>In his official capacity as an agent for )<br>the City of Pikeville and in his )<br>Individual capacity, )<br>)<br>DEPUTY CHASE ROBERTS, )<br>In his official capacity as an agent for )<br>The Bledsoe County Government )<br>And in his individual capacity, )<br>)<br>   Defendants. ) | Case No. _____<br><br>Judge _____<br><br>Jury Demand |

## COMPLAINT

Comes now the Plaintiff, James Arthur Evans, by and through counsel, pursuant to Federal Rules of Civil Procedure 7-12, and hereby states for his cause of action against the above-named Defendants as follows:

### PARTIES, JURISDICTION, AND VENUE

1. Plaintiff James Arthur Evans is a citizen and resident of Bledsoe County, Tennessee.

2. Defendant, Bledsoe County, Tennessee is a municipality chartered by the State of Tennessee and as such is a political subdivision under the laws of the State of Tennessee. Defendant Bledsoe County, Tennessee operates and maintains a law enforcement agency known as the Bledsoe County Sheriff Department. Bledsoe County, Tennessee may be served through its "chief executive officer" and/or its Mayor Gregg Ridley, who can be served at 3150 Main Street, Pikeville, TN 37367.

3. Defendant, City of Pikeville, Tennessee is a municipality chartered by the State of Tennessee and as such is a political subdivision under the laws of the State of Tennessee. Defendant City of Pikeville, Tennessee operates and maintains a law enforcement agency known as the Pikeville Police Department. The City of Pikeville, Tennessee may be served through its "chief executive officer" and/or its Mayor Philip Cagle who can be served at 25 Municipal Drive, Pikeville, TN 37367.

4. Defendant Ricky Hodge is an adult resident and to the Plaintiff's best knowledge a citizen of Pikeville, Tennessee and was a member of the Pikeville Police Department at all times material hereto. At all pertinent times, this Defendant was acting by virtue of his position as a law enforcement official of the Pikeville Police Department and under the color of state law. This Defendant is being sued individually and as his official capacity as a member of the Pikeville Police Department. Defendant Ricky Hodge can be served with process at 25 Municipal Drive, Pikeville, TN 37367. At all times mentioned in this complaint,

Defendant Ricky Hodge acted under the color of state law because he was acting in the performance of his official duties but acted outside of his lawful authority.

5. Defendant Chase Roberts is an adult resident and to the Plaintiff's best knowledge a citizen of Bledsoe County, Tennessee and was a member of the Bledsoe County Sheriff Department at all times material hereto. At all pertinent times, this Defendant was acting by virtue of his position as a law enforcement official of the Bledsoe County Sheriff Department and under the color of state law. This Defendant is being sued individually and as his official capacity as a member of the Bledsoe County Sheriff Department. Defendant Chase Roberts can be served with process at 235 Allen P Deakins Rd, Pikeville, TN 37367. At all times mentioned in this complaint, Defendant Chase Roberts acted under the color of state law because he was acting in the performance of his official duties but acted outside of his lawful authority.

6. The Defendants were acting under color of law so as to subject them to the provisions of 42 U.S.C. § 1983 with respect to this matter.

7. This court has jurisdiction over the subject matter and the parties to this lawsuit pursuant to 28 U.S.C. § 1331.

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

9. The attack complained of took place in Bledsoe County, Tennessee.

**WAIVER OF IMMUNITY**

10. Pursuant to T.C.A. § 29-20-205, governmental immunity of Defendant City of Pikeville and Defendant Bledsoe County Government is removed based on

the negligent conduct of Defendants Ricky Hodge and Chase Roberts acting under the scope of employment of the Pikeville Police Department and the Bledsoe County Sheriff's Department, which directly and proximately caused the injuries of Plaintiff James Arthur Evans.

11. The conduct of Defendants Ricky Hodge and Chase Roberts, which constitutes a common law assault and battery, is not an enumerated exception to T.C.A § 29-20-205(2); thus, governmental immunity is removed pursuant to Limbaugh v. Coffee Med. Ctr., 59 S.W.3d 73 (Tenn. 2001).

12. Pursuant to T.C.A. § 29-20-201(b)(2), governmental immunity of Defendant City of Pikeville and Defendant Bledsoe County Government is also removed based on the willful, wanton, or gross negligence of Defendants Ricky Hodge and Chase Roberts, acting under the scope of employment of the Pikeville Police Department and the Bledsoe County Sheriff Department, respectively, which directly and proximately caused the injuries of Plaintiff James Arthur Evans.

13. Defendants Ricky Hodge and Chase Roberts were "Government Employees" as defined in T.C.A. § 29-20-107 based on their employment status with the City of Pikeville Police Department and the Bledsoe County Sheriff's Department, respectively.

14. There is no immunity for individuals for criminal conduct, or conduct which is willful or malicious.

## FACTUAL ALLEGATIONS

Plaintiff hereby incorporates, in its entirety, each and every paragraph contained in this Complaint and by reference make said Paragraphs a part hereof as if fully set forth herein.

15. This action arises out of an attack occurring on August 22, 2018, at approximately 11:30 p.m. at the residence of the Plaintiff James Arthur Evans in Pikeville, Tennessee. During this attack, the Plaintiff James Arthur Evans was wrongfully battered, unlawfully seized, and detained against his will by the Defendants when the Defendants responded to a complaint of domestic violence at the Plaintiff's residence. This illegal battery, seizure, and detainment of the Plaintiff James Arthur Evans caused the Plaintiff to sustain severe, permanent injuries and emotional distress.

16. Specifically, the Defendants Ricky Hodge and Chase Roberts did negligently, while acting within the scope of their employment, batter the Plaintiff James Arthur Evans at the Plaintiff's residence by jumping on top of him, slamming him to the ground, breaking his foot, and tasing him. Notwithstanding, Defendants Ricky Hodge and Chase Roberts were then and there guilty of one or more of the following wrongful acts and/or omissions to act:

    a. Recklessly using excessive force in order to cause the Plaintiff James Arthur Evans injury, including the use of a taser.

    b. Unlawfully seizing and detaining Plaintiff James Arthur Evans.

17. Specifically, the Defendants Ricky Hodge and Chase Roberts did intentionally, while acting within the scope of their employment, batter the Plaintiff

James Arthur Evans at the Plaintiff's residence even though the Plaintiff James Arthur Evans was not acting with harm toward anyone else at the time of the incident. Notwithstanding, Defendants Ricky Hodge and Chase Roberts were guilty of one or more of the following wrongful acts and/or omissions to act:

    a. Recklessly using excessive force in order to cause the Plaintiff James Arthur Evans injury, including the use of a taser.

    b. Unlawfully seizing and detaining Plaintiff James Arthur Evans.

18. The Defendants Ricky Hodge and Chase Roberts, acting within the scope and course of their employment, willfully and wantonly or with gross negligence slammed the Plaintiff James Arthur Evans onto the ground, although Defendants knew, or should have known, that such conduct posed an unreasonable risk that would likely cause serious injury to Plaintiff James Arthur Evans;

19. The Defendants Ricky Hodge and Chase Roberts, acting within the scope and course of their employment, willfully and wantonly or with gross negligence or recklessly used excessive force in order to cause Plaintiff James Arthur Evans injury although Defendants knew, or should have known, that such conduct posed an unreasonable risk that would likely cause serious injury to Plaintiff James Arthur Evans;

20. The Defendants Ricky Hodge and Chase Roberts, acting within the scope and course of their employment, willfully and wantonly or with gross negligence illegally seized and detained the Plaintiff James Arthur Evans against his will, although the Defendants knew, or should have known, that such conduct

posed an unreasonable risk that would likely cause serious injury to Plaintiff James Arthur Evans.

## COUNT I-NEGLIGENCE

Plaintiff hereby incorporates, in its entirety, each and every paragraph contained in this Complaint and by reference make said Paragraphs a part hereof as if fully set forth herein.

21. Defendants, Bledsoe County and the City of Pikeville and by and through their respective employees acting within the scope of their employment, were guilty of violating statutes of the State of Tennessee which were in full force and effect at the time of this attack; said violations constitute negligence per se and a direct and proximate cause of this attack.

22. Defendants, Bledsoe County and the City of Pikeville, by and through their respective employees acting within the scope of their employment, were negligent in failing to properly hire, train, supervise, and implement proper procedures and policies to the law enforcement personnel in regards to prevent unlawful and unreasonable seizure of persons and use of excessive force in deliberate indifference and reckless disregard of the welfare of the city's citizens and the safety and rights of other persons in the community.

23. Defendants, Bledsoe County and the City of Pikeville, by and through their respective employees acting within the scope of their employment, were negligent in failing to comply with all applicable rules, regulations, customs and/or practices with respect to unlawful and unreasonable seizure of persons and use of

excessive force in deliberate indifference and reckless disregard of the welfare of the city's citizens and the safety and rights of other persons in the community.

24. Defendants, Bledsoe County and the City of Pikeville, knew or should have known the Defendants Ricky Hodge and Chase Roberts were using illegal actions in their encounters with persons in order to arrest them prior to this attack which is the subject of this cause of action.

25. As a direct and proximate result of the aforementioned actions and omissions of the Defendants, Bledsoe County and the City of Pikeville, the Plaintiff has been injured, causing actual physical and emotional injuries, and other damages and losses described herein entitling Plaintiff to compensatory and special damages.

**COUNT II-NEGLIGENT FAILURE TO SCREEN/NEGLIGENT HIRING, TRAIN, DISCIPLINE, AND FIRE**

Plaintiff hereby incorporates, in its entirety, each and every paragraph contained in this Complaint and by reference make said Paragraphs a part hereof as if fully set forth herein.

26. Defendants, Bledsoe County and the City of Pikeville had a duty of care to Plaintiff James Arthur Evans to ensure that the employees of the Police Department were properly screened before hiring, trained, disciplined and fired where necessary in the requirements for a proper arrest, the prohibition against using a pretext to make an arrest, the proper use of force available when making an arrest, and the circumstances under which a taser might be employed to effectuate

an arrest, and they had a duty to ensure that supervisory officers not condone unnecessary force and unlawful seizures by officers.

27. Defendants, Bledsoe County and the City of Pikeville failed to develop and promulgate policies outlining the guidelines for appropriate use of force, failure to train officers and investigators to follow those guidelines, and failure to train officers on executing arrest warrants or conducting warrantless arrests constitute deliberate indifference to the risk of injury to persons, including Plaintiff James Arthur Evans.

28. Defendants Defendants, Bledsoe County and the City of Pikeville' acts or omissions with regard to Plaintiff's constitutional rights are the direct and legal cause of Plaintiff James Arthur Evans' actual physical and emotional injuries, and other damages and losses described herein entitling Plaintiff to compensatory and special damages.

**COUNT III- ASSAULT AND BATTERY BY OFFICERS RICKY HODGE AND CHASE ROBERTS**

Plaintiff hereby incorporates, in its entirety, each and every paragraph contained in this Complaint and by reference make said Paragraphs a part hereof as if fully set forth herein.

29. Defendants Ricky Hodge and Chase Roberts' use of excessive force, including the use of a taser under these circumstances constituted aggravated assault and battery on Plaintiff James Arthur Evans and was willful, malicious and beyond the scope of their authorized use of the taser so as to warrant the imposition of punitive damages against them.

30. As a result of this assault and battery, Plaintiff James Arthur Evans suffered horrific injuries, which are permanent in nature, and which are the direct and legal cause of Plaintiff James Arthur Evans' actual physical and emotional injuries, and other damages and losses described herein entitling Plaintiff to compensatory and special damages.

## COUNT IV-FALSE ARREST
## DEFENDANT

Plaintiff hereby incorporates, in its entirety, each and every paragraph contained in this Complaint and by reference make said Paragraphs a part hereof as if fully set forth herein.

31. Defendant Ricky Hodge tased the Plaintiff James Arthur Evans and Plaintiff James Arthur Evans was seized for the purposes of the Fourth Amendment and was therefore under arrest.

32. At the time Plaintiff James Arthur Evans was placed under "arrest," Defendant Ricky Hodge and Chase Roberts had no legal authority to make the "arrest."

33. During this false arrest, Plaintiff James Arthur Evans suffered grievous bodily injury at the hands of the Defendants Ricky Hodge and Chase Roberts when the Defendants Ricky Hodge and Chase Roberts employed the use of excessive force to "seize" the Plaintiff James Arthur Evans against his will, and without lawful authority to do so.

34. Defendant Ricky Hodge's use of excessive force, including the use of a taser during this false arrest, was willful, malicious and beyond the scope of his

authorized use of excessive force and use of a taser so as to warrant the imposition of punitive damages against him.

35. As a result of this false arrest, Plaintiff James Arthur Evans suffered horrific injuries, which are permanent in nature, and which are the direct and legal cause of Plaintiff James Arthur Evans' actual physical and emotional injuries, and other damages and losses described herein entitling Plaintiff to compensatory and special damages.

36. On August 25, 2018, Officer Wheeler with the City of Pikeville Police Department handcuffed the Plaintiff and told him there were warrants for his arrest. While Plaintiff was in the back of the patrol car, dispatch stated there were no warrants for Plaintiff and he was released.

37. On September 4, 2018, Defendant Ricky Hodge told Plaintiff's sister, Tammy Cagle, that Defendant had warrants out for his arrest and that Plaintiff needed to turn himself in to authorities.

38. Plaintiff made multiple inquiries regarding the existence of a warrant but never found one. Plaintiff was not arrested until November 7, 2018, by the Bledsoe County Sheriff's Department.

**COUNT V-NEGLIGENT FAILURE TO INVESTIGATE, DISCIPLINE, AND FIRE DEFENDANTS RICKY HODGE AND CHASE ROBERTS**

Plaintiff hereby incorporates, in its entirety, each and every paragraph contained in this Complaint and by reference make said Paragraphs a part hereof as if fully set forth herein.

39. Defendants, Bledsoe County and the City of Pikeville had a duty to investigate the actions of the Defendants Ricky Hodge and Chase Roberts and discipline and/or fire these Defendants for their prior unlawful acts and unlawful actions in the "arrest" of Plaintiff James Arthur Evans, including their unlawful use of excessive force.

40. The failure of the Defendants, Bledsoe County and the City of Pikeville to investigate and take disciplinary action against the Defendants Ricky Hodge and Chase Roberts constitute tacit approval of their conduct and ratification of their actions.

41. Those actions and/or omissions were the direct and legal cause of the Plaintiff James Arthur Evans' actual physical and emotional injuries, and other damages and losses described herein entitling Plaintiff to compensatory and special damages.

## COUNT VI-INTENTIONAL AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

Plaintiff hereby incorporates, in its entirety, each and every paragraph contained in this Complaint and by reference make said Paragraphs a part hereof as if fully set forth herein.

42. Defendants Ricky Hodge and Chase Roberts' conduct constitutes intentional and/or negligent infliction of emotional distress in accordance with the common law of Tennessee.

43. Defendants Ricky Hodge and Chase Roberts had a duty to the Plaintiff James Arthur Evans to ensure they had probable cause to arrest the Plaintiff

James Arthur Evans and had a duty to exercise due care in the use of excessive force, including the use of a taser.

44. The Defendants Ricky Hodge and Chase Roberts breached that duty when they negligently and/or intentionally used excessive force, including the use of a taser, causing Plaintiff James Arthur Evans severe and permanent injury.

45. Plaintiff James Arthur Evans suffered severe injuries as a result of the Defendants Ricky Hodge and Chase Roberts' negligence and/or intentional infliction of emotional distress. Plaintiff James Arthur Evans suffered severe distress because of the Defendants Ricky Hodge and Chase Roberts' negligence because he was cognizant of being severely beaten, unlawfully seized, arrested, and detained.

46. Defendants Ricky Hodge and Chase Roberts' negligence is a direct and proximate cause-in-fact of Plaintiff James Arthur Evans' severe emotional distress. But for their negligent conduct, Plaintiff James Arthur Evans would have suffered no severe emotional distress.

47. Defendants Ricky Hodge and Chase Roberts' conduct constituting negligent and/or intentional infliction of emotional distress is the direct and legal cause of Plaintiff James Arthur Evans's actual physical and emotional injuries, and other damages and losses described herein entitling Plaintiff to compensatory and special damages.

**COUNT VII-CONSTITUTIONAL VIOLATIONS BY DEFENDANTS RICKY HODGE AND CHASE ROBERTS**

Plaintiff hereby incorporates, in its entirety, each and every paragraph contained in this Complaint and by reference make said Paragraphs a part hereof as if fully set forth herein.

48. Defendants Ricky Hodge and Chase Roberts committed the above described actions and/or omissions under the color of law and by virtue of their authority as law enforcement officials of the City of Pikeville Police Department and the Bledsoe County Sheriff Department and substantially deprived the Plaintiff James Arthur Evans of the rights, privileges, and immunities guaranteed to him by the Fourth and Fourteenth Amendments of the United States Constitution, Article 1, Section 7 and 8 of the Constitution of the State of Tennessee in violation of 42 U.S.C. § 1983 and 1988 including, but not limited to the following:

   a. Freedom from unreasonable seizure of his person;
   b. Freedom from the use of unreasonable, unjustified, and excessive force;
   c. Freedom from deprivation of liberty without due process of law;
   d. Freedom from arbitrary government actions which is so outrageous as to shock the conscience of a civilized society;

49. As a direct and proximate result of the Defendants Ricky Hodge and Chase Roberts' acts and omissions, Plaintiff James Arthur Evans was severely injured, unlawfully detained against his will, and these acts and omissions on the part of the Defendants Ricky Hodge and Chase Roberts are the direct and legal cause of Plaintiff James Arthur Evans' actual physical and emotional injuries, and

other damages and losses described herein entitling Plaintiff to compensatory and special damages.

### COUNT VIII-CONSTITUTIONAL VIOLATIONS BY DEFENDANTS CITY OF PIKEVILLE AND BLEDSOE COUNTY

Plaintiff hereby incorporates, in its entirety, each and every paragraph contained in this Complaint and by reference make said Paragraphs a part hereof as if fully set forth herein.

50. At all times material hereto, Ricky Hodge and Chase Roberts were acting by virtue of the laws of the State of Tennessee and by virtue of their positions as law enforcement officers of the City of Pikeville Police Department and Bledsoe County Sheriff Department.

51. Defendants Defendants, Bledsoe County and the City of Pikeville permitted, encouraged, and tolerated an official pattern, practice or custom of its police officers violating the constitutional rights of the Plaintiff.

52. The conduct of the Defendants, Bledsoe County and the City of Pikeville was unjustified, unreasonable and grossly disproportionate to the actions of the Plaintiff James Arthur Evans, if any, and shocks the conscience of a civilized society and constitutes the use of excessive and unreasonable force in violation of the rights secured to the Plaintiff James Arthur Evans by the Fourth Amendment and Fourteenth Amendment of the United States Constitution, Article 1, Section 7 and 8 of the Constitution of the State of Tennessee in violation of 42 U.S.C. § 1983 and 1988.

53. The conduct of the Defendants, Bledsoe County and the City of Pikeville was unjustified, unreasonable and grossly disproportionate to the actions of the Plaintiff James Arthur Evans, if any, and was deliberately indifferent to the substantive due process liberty interests of the Plaintiff James Arthur Evans in violation of the rights secured to the Plaintiff James Arthur Evans by the Fourteenth Amendment of the United States Constitution, Article I, Section 8 of the Constitution of the State of Tennessee in violation of 42 U.S.C. § 1983 and 1988.

54. Defendants, Bledsoe County and the City of Pikeville are liable for the unconstitutional and unlawful any, prior acts of these officers involved in this lawsuit as well as the actions and/or omissions of the officers involved in this attack, which is subject to this complaint, due to the following rules, regulations, policies, practices and/or customs on the Pikeville Police Department and Bledsoe County Sheriff Department which were in effect at the time of this attack as well as being in effect at the time of any prior acts and which were the underlying direct and proximate cause of the Plaintiff's injuries:

    a. Defendants, Bledsoe County and the City of Pikeville failed to adequately train, implement policies and procedures, and educate its officers to prevent unreasonable and unlawful seizure and detainment of persons and use of excessive force creating an atmosphere where illegal and unconstitutional behavior with respect to unreasonable and unlawful seizure of persons against their will and use of excessive force are tolerated in deliberate indifference and reckless disregard to the welfare of the public, including the Plaintiff;

b. Defendants, Bledsoe County and the City of Pikeville repeatedly and knowingly failed to discipline its officers with respect to violations of the laws of the State of Tennessee, the Constitution of the United States, and its own policies regarding unreasonable and unlawful seizure and detainment of persons and use of excessive force creating a pattern, policy, practice, custom, or atmosphere where such illegal and unconstitutional behavior is tolerated, condoned, and accepted in deliberate indifference and reckless disregard to the public, including the Plaintiff.

55. Defendants, Bledsoe County and the City of Pikeville regarding prior attacks as well as this attack were in direct violation of the rules and regulations of the City of Pikeville Police Department and Bledsoe County Sheriff Department, the statutes of the State of Tennessee and the United States Constitution regarding unlawful and unreasonable seizure and detainment of persons against their will and use of excessive force. Despite violating the rules and regulations of the City of Pikeville Police Department and Bledsoe County Sheriff Department, no officers were reprimanded, disciplined or terminated by the City of Pikeville Police Department or Bledsoe County Sheriff Department, and accordingly, these Defendants ratified, condoned, acquiesced, and/or approved their conduct in this matter in all respects.

56. The aforementioned actions of the individual Defendants which were proximately caused by the policies, practices, and customs of these Defendants were the direct and legal cause of Plaintiff James Arthur Evans' actual physical and

emotional injuries, and other damages and losses described herein entitling Plaintiff to compensatory and special damages.

**DAMAGES**

Plaintiff hereby incorporates, in its entirety, each and every paragraph contained in this Complaint and by reference make said Paragraphs a part hereof as if fully set forth herein.

57. As a direct and proximate result of the aforementioned actions and omissions of the Defendants, Plaintiff James Arthur Evans has suffered personal injuries and is entitled to damages as a result of the conduct of the Defendants including, but not limited to:

(a) medical, hospital, and pharmaceutical expenses, current and future;

(b) physical pain and suffering, current and future;

(c) mental anguish, current and future;

(d) diminution in the enjoyment of life, current and future;

(e) diminution of loss of earnings and future earning capacity;

(f) future permanent impairment and injury;

(g) Attorney fees pursuant to 42 U.S.C. §1988;

(h) Punitive damages against the applicable Defendants;

(i) A declaratory judgment that the policies, practices or customs of the Pikeville Police Department and the Bledsoe County Police Department complained of herein are illegal and unconstitutional;

(j) All such further relief, both general and specific, to which he may be entitled under the premises.

## PRAYERS FOR RELIEF

Plaintiff hereby incorporates, in its entirety, each and every paragraph contained in this Complaint and by reference make said Paragraphs a part hereof as if fully set forth herein.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays to the Court as follows:

a. That this Complaint be received and filed, and that proper process issue and be served upon the Defendants, requiring them to answer in the time and manner prescribed by law;

b. That Plaintiff James Arthur Evans sues for an amount in excess of $750,000.00 for compensatory damages.

c. The Plaintiff sues for punitive damages against the applicable Defendants in the amount of $1,000,000.00, reasonable attorney fees, declaratory relief stating and holding that the policies, practices, and customs of the Pikeville Police Department and the Bledsoe County Sheriff Department are unconstitutional.

d. The Plaintiff sues for attorney fees pursuant to 42 U.S.C. §1988;

e. That Plaintiff hereby demands a jury to try all issues and causes herein; and

f. That Plaintiff has such other and further general relief as he may prove entitled.

Dated: August 21, 2019.

Respectfully submitted,

/s/ Roger D. Layne
Roger D. Layne (B.P.R. # 33873)
Davis, Kessler & Davis
433 Cherokee Blvd.
Chattanooga, TN 37405
Phone: (423) 267-7000
Fax: (423) 717-5488
roger@daviskessler.com
*Attorney for Plaintiff*